## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SAGENT PHARMACEUTICALS, INC.,                )
    1901 N. Roselle Road, Ste. 700,          )
    Schaumburg, IL 60195                      )
                                              )
and                                          )
                                              )
GLENMARK GENERICS INC., USA                  )
    750 Corporate Drive,                      )
    Mahwah, NJ 07430                          )
                                              )
and                                          )
                                              )
SANDOZ INC.,                                 )
    506 Carnegie Center, Suite 400            )
    Princeton, NJ 08540                       )
                                              )
        Movants,                          )
                                              )
vs.                                          )
                                              )
SANDRA W. MCLESKEY                           )
    3100 N. Leisure World Blvd., Apt. 205,    )
    Silver Spring, MD 20906                   )
                                              )
        Respondent.                       )
_____      )

**SAGENT PHARMACEUTICALS, INC.'S, GLENMARK GENERICS INC., USA'S AND SANDOZ INC.'S MOTION TO COMPEL THIRD PARTY WITNESS DR. SANDRA W. MCLESKEY TO APPEAR FOR DEPOSITION PURSUANT TO SUBPOENA**

## TABLE OF CONTENTS

Page(s)

MOTION..................................................................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ................................... 1

I.     BACKGROUND OF THE LITIGATION AND SUBPOENA ........................... 1

    A.     The Underlying Litigation ..................................................................... 1

    B.     The Background of the Subpoena ........................................................... 2

II.    ARGUMENT ..................................................................................................... 3

    A.     The Standard for Seeking Discovery Pursuant to A Subpoena Is Broad ............... 3

    B.     Dr. McLeskey Has Personal Knowledge Regarding Facts That Are Highly
           Relevant to Movants' Invalidity Defense ................................................ 5

    C.     Dr. McLeskey Has No Legitimate Basis for Refusing to Comply with
           Movants' Subpoena ............................................................................... 7

          1.     The subpoena topics seek relevant factual information that cannot
               be obtained from other sources. ................................................. 7

          2.     Dr. McLeskey has not been identified as an expert witness in the
               case............................................................................................. 9

          3.     Movants are entitled to seek relevant discovery without providing
               a roadmap for AstraZeneca. ..................................................... 10

    D.     Dr. McLeskey's Refusal to Appear for A Deposition Is Contemptuous .............. 11

III.   CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITY

## Cases

*Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Does 1-4,577*, 736 F. Supp. 2d 212, 214 (D.D.C. 2010) ................................................................................................................... 4

*Benavides v. Velocity IQ, Inc.*, No. 8:05-cv-1536-JSM-MSS, 2006 U.S. Dist. LEXIS 14777, at *6 (M.D. Fla. Mar. 15, 2006) ....................................................................................................... 3

*Beruashvili v. Hobart Corp.*, No. CV 2005-1646 (ENV)(MDG), 2006 U.S. Dist. LEXIS 55065, at *2 (E.D.N.Y. Aug. 8, 2006) .................................................................................................. 11

*Briggs v. Wash. Metro. Area Transit Auth.*, No. Civ. A. 01-1876 (RJL/JMF), 2005 U.S. Dist. LEXIS 5716, at *2 (D.D.C. Apr. 7, 2005) ................................................................................ 11

*Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, Nos. 11 Civ. 5201 (DLC), 11 Civ. 6188-6190 (DLC), 11 Civ. 6193 (DLC), 11 Civ. 6195 (DLC),  11 Civ. 6198 (DLC),  11 Civ. 6200-6208 (DLC),  11 Civ. 6739 (DLC),  and 11 Civ. 7010 (DLC), 2013 U.S. Dist. LEXIS 92081, at *42 (S.D.N.Y. June 28, 2013) ....................................................................................................................... 4

*Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 103 (D.D.C. 2005) ...................................... 4, 5

*Hearts with Haiti, Inc. v. Kendrick*, No. 2:13-cv-00039-JAW, 2015 U.S. Dist. LEXIS 86384, at *7-8 (D. Me. July 2, 2015) ..................................................................................................... 12

*Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 U.S. Dist. LEXIS 59173, at *9-10 (M.D. Fla. Aug. 4, 2008) ...................................................................................................... 12

*Huene v. U.S. Dep't of Treasury*, No. 2:11-cv-2110 JAM AC PS, 2013 U.S. Dist. LEXIS 13803, at *7 (E.D. Cal. Jan. 31, 2013) ................................................................................................ 12

*In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) ............................... 4

*Leser v. U.S. Bank*, No. 09-cv-232 (KAM)(ALC), 2011 U.S. Dist. LEXIS 28127, at *31 (E.D.N.Y. Mar. 18, 2011) ...................................................................................................... 11

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 549 F. App'x 934, 942-43 (Fed. Cir. 2013) ................................................................................................................................................. 7

*Rimstat, Ltd. v. Hilliard*, 207 B.R. 964, 970 (D.D.C. 1997) ........................................................... 4

*U.S. Dep't of Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014) .......... 4

*United States v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14155, 2012 U.S. Dist. LEXIS 146403, at *2 (E.D. Mich. Oct. 11, 2012) .................................................................................... 3

*Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 44 (D.D.C. 2014) .................................................. 11

**Statutes**

21 U.S.C. § 355 ............................................................................................................................... 1
35 U.S.C. § 102(b) ...................................................................................................................... 5, 7
35 U.S.C. § 103(a) .......................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 3
Fed. R. Civ. P. 45(a) ...................................................................................................................... 3
Fed. R. Civ. P. 45(g) ................................................................................................................ 4, 11

## MOTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Sagent Pharmaceuticals, Inc. ("Sagent"), Glenmark Generics Inc., USA ("Glenmark"), and Sandoz Inc. ("Sandoz") (collectively, "Movants"), by and through their undersigned counsel, respectfully move this Court for an Order compelling third-party witness Dr. Sandra W. McLeskey to immediately and fully comply with a subpoena served on her on June 19, 2015 and ordering her to appear for a deposition in connection with a patent infringement action pending in the U.S. District Court for the District of New Jersey.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

### I.   BACKGROUND OF THE LITIGATION AND SUBPOENA

#### A.   The Underlying Litigation

Sagent, Glenmark, and Sandoz were each sued in separate actions for patent infringement by AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB (collectively, "AstraZeneca") in the United States District Court for the District of New Jersey ("the New Jersey Actions"). These patent infringement cases arise under 21 U.S.C. § 355, i.e., the Hatch-Waxman Act. In particular, AstraZeneca sued each of the Movants for infringing U.S. Patent Nos. 6,774,122; 7,456,160; 8,329,680; and 8,466,139 (collectively, "patents-in-suit"), which relate to injectable formulations of an anti-estrogen compound known generally as "fulvestrant" and/or "ICI 182,780," based on each Movant's filing of an Abbreviated New Drug Application ("ANDA"). The reference listed drug is FASLODEX®, which is indicated for the treatment of hormone receptor positive metastatic breast cancer in postmenopausal women with

disease progression following anti-estrogen therapy.  The separate actions against each of the Movants were consolidated by the Court in the District of New Jersey for all purposes.[1]

### B.      The Background of the Subpoena

On June 19, 2015, Movants served third-party witness Dr. Sandra W. McLeskey with a subpoena to testify at a July 16, 2015 deposition ("McLeskey Subpoena") in Washington, D.C. (Declaration of Liane M. Peterson ("Peterson Decl.") Ex. A.)   The subpoena identified 14 narrowly tailored deposition topics.  (*Id.*)  On July 2, 2015, Dr. McLeskey, represented by counsel for AstraZeneca,[2] served objections to the subpoena.  (Peterson Decl. Ex. B.) AstraZeneca also served objections to the McLeskey Subpoena on July 2, 2015.  (Peterson Decl. Ex. C.)

Included among Dr. McLeskey's objections were objections to the date noticed for the deposition and the location of the deposition (even though the location identified in the subpoena is within 100 miles of where Dr. McLeskey resides).  In view of these objections, Movants wrote Dr. McLeskey's/AstraZeneca's counsel on July 8, 2015 inquiring when and where Dr. McLeskey would be made available for her deposition.  (Peterson Decl. Ex. D.)  On July 9, 2015, Dr. McLeskey's/AstraZeneca's counsel informed Movants that in view of Dr. McLeskey's objections to the subpoena, she would not make herself available for a deposition.  (Peterson Decl. Ex. E.)   On July 14, 2015, Movants wrote Dr. McLeskey's/AstraZeneca's counsel stating that they did not believe Dr. McLeskey's objections provided a basis for her to not appear for a deposition and offering to find a mutually agreeable date and location for her deposition.  (Peterson Decl. Ex. F.)  Dr. McLeskey's/AstraZeneca's counsel maintained that Dr. McLeskey would not make herself available and, accordingly, the

---

[1] Cases consolidated under *AstraZeneca Pharms. LP, et al. v. Sandoz Inc., et al.*, No. Civ. A. 1:14-CV-03457 (D.N.J.).

[2] Both AstraZeneca and Dr. McLeskey are represented by O'Melveny & Myers LLP.

parties met and conferred on July 16, 2015. (Peterson Decl. ¶ 11.) Unable to resolve this dispute, and with an approaching August 20, 2015 fact discovery deadline, Movants seek an Order from this Court compelling Dr. McLeskey to appear for a deposition pursuant to the June 19, 2015 subpoena.

## II.   ARGUMENT

### A.   The Standard for Seeking Discovery Pursuant to A Subpoena Is Broad

The Federal Rules of Civil Procedure provide that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be obtained from a non-party through service of a subpoena commanding each person to whom it is directed to attend and testify at a deposition and/or to produce designated documents, electronically stored information or tangible things in that person's possession, custody, or control. Fed. R. Civ. P. 45(a). The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 and, as such, is broad. *United States v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14155, 2012 U.S. Dist. LEXIS 146403, at *2 (E.D. Mich. Oct. 11, 2012) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); *see also id.* at *6. Courts have held that a Rule 45 "subpoena 'should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues.'" *Benavides v. Velocity IQ, Inc.*, No. 8:05-cv-1536-JSM-MSS, 2006 U.S. Dist. LEXIS 14777, at *6 (M.D. Fla. Mar. 15, 2006). Importantly,

> [a] court with jurisdiction over a discovery dispute for an action pending in a different district generally has limited exposure to and understanding of the primary action. A court in such a situation should hence be cautious in determining relevance of evidence, and in case of doubt should err on the side of permissive discovery.

*Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 103 (D.D.C. 2005) (citation omitted).

Further, a court for the district where compliance is required may hold in contempt a person who "having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The non-party resisting compliance with the subpoena bears the burden of establishing the validity of its objections to the subpoena. *Flanagan*, 231 F.R.D. at 102 ("As the party seeking to quash a subpoena, [non-party] S.G. bears the burden of showing that it subjects her to undue burden."). The objecting deponent must show that facts and circumstances are such that it creates an inappropriate burden or hardship, such as a claim of privilege, while a party seeking the deposition need not demonstrate the propriety of its request. *Id.*; *Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, Nos. 11 Civ. 5201 (DLC), 11 Civ. 6188-6190 (DLC), 11 Civ. 6193 (DLC), 11 Civ. 6195 (DLC), 11 Civ. 6198 (DLC), 11 Civ. 6200-6208 (DLC), 11 Civ. 6739 (DLC), and 11 Civ. 7010 (DLC), 2013 U.S. Dist. LEXIS 92081, at *42 (S.D.N.Y. June 28, 2013) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) ("[P]arty seeking a deposition need not demonstrate the propriety of its request.")). It is insufficient to simply make assertions of a subpoena's overbreadth, undue burden, or irrelevance. *Rimstat, Ltd. v. Hilliard*, 207 B.R. 964, 970 (D.D.C. 1997) (stating "[m]ere assertions, without support or specificity, are not looked upon favorably by this court, and will, standing alone, always fail" and discussing a subpoenaed party's failure to support motion to quash). To evaluate such a claim of undue burden, "a court must balance the party's need for the discovery against the potential hardship to the subject of the subpoena." *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Does 1-4,577*, 736 F. Supp. 2d 212, 214 (D.D.C. 2010). Courts do not often find that a complete prohibition of a non-party's deposition is appropriate as it is an extraordinary measure. *U.S. Dep't of Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 25 (D.D.C. 2014) ("The quashing of a subpoena is an extraordinary measure, and is usually

inappropriate absent extraordinary circumstances.  A court should be loath to quash a subpoena if other protection of less absolute character is possible.").

**B.    Dr. McLeskey Has Personal Knowledge Regarding Facts That Are Highly Relevant to Movants' Invalidity Defense**

In response to AstraZeneca's infringement allegations in the New Jersey Actions, Movants allege, among other things, that the patents-in-suit are invalid in view of certain prior art patents and publications directed to the use of fulvestrant and/or "ICI 182,780," including a publication by Dr. McLeskey titled, Sandra W. McLeskey et al., *Tamoxifen-resistant Fibroblast Growth Factor-transfected MCF-7 Cells Are Cross-resistant in Vivo to the Antiestrogen ICI 182,780 and Two Aromatase Inhibitors*, 4 CLINICAL CANCER RES. 697 (1998) ("McLeskey 1998").  (Peterson Decl. Ex. G.)  McLeskey 1998 specifically references ICI 182,780 "kindly donated by Dr. Alan Wakeling of Zeneca Pharmaceuticals" and states, "[f]or the experiments depicted in Fig. 1, *B* and *C*, 50 mg/ml preformulated drug in a vehicle of 10% ethanol, 15% benzyl benzoate, 10% benzyl alcohol, brought to volume with castor oil, was supplied by B. M. Vose (Zeneca Pharmaceuticals)."  (*Id*. at 698.)  The article further states "[t]he authors are indebted to A. Brodie, A. Bhatnagar, and A. Wakeling for providing 4-OHA, letrozole, and ICI 182,780, respectively.  B. M. Vose supplied formulated ICI 182,780."  (*Id*. at 709.)

Pursuant to the applicable version of 35 U.S.C. §§ 102 and 103, a patent is invalid as anticipated and/or obvious if: "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States," 35 U.S.C. § 102(b), or "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

There is no question that Dr. McLeskey received samples of fulvestrant and/or "preformulated" "ICI 182,780" from AstraZeneca in connection with her study of fulvestrant and the publication of those studies in McLeskey 1998, all of which occurred more than one year prior to the January 9, 2001 filing date of U.S. Patent No. 6,774,122 (which is the earliest filed of the patents-in-suit). (Peterson Decl. Ex. G.)  As such, Dr. McLeskey's studies, along with the publication of those studies in McLeskey 1998, constitute prior art to the patents-in-suit that are asserted against Movants in the New Jersey Actions.

Movants seek to depose Dr. McLeskey about her personal knowledge regarding facts relating to McLeskey 1998.  These topics are identified in the McLeskey Subpoena, (Peterson Decl. Ex. A), and relate generally to Dr. McLeskey's study involving fulvestrant and/or "ICI 182,780" as reported in McLeskey 1998, the formulations and compositions used in connection with her study, communications and agreements with AstraZeneca regarding the same, and her receipt of samples of fulvestrant and/or "ICI 182,780" from AstraZeneca.

In addition to conducting her 1998 study with fulvestrant and/or "ICI 182,780" and publishing McLeskey 1998, Dr. McLeskey submitted a declaration in connection with the prosecution of European Publication No. EP1250138, which is a related patent application to the patents-in-suit, providing statements relating to McLeskey 1998 based on her "own knowledge." (Peterson Decl. Ex. H.)  Thus, Movants also seek to depose Dr. McLeskey regarding her personal knowledge of the statements therein and in any other similar declarations she has submitted.

The information Movants seek from Dr. McLeskey is directly related to her 1998 study with fulvestrant and/or "ICI 182,780," the publication of McLeskey 1998, and statements she has made regarding her 1998 study.  Without this deposition, Movants will be significantly

prejudiced because they will be blocked from gathering information directly relevant to developing their invalidity defense. *See Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 549 F. App'x 934, 942-43 (Fed. Cir. 2013) (holding pharmaceutical patent invalid under the public use bar of 35 U.S.C. § 102(b) because samples of the invention were sent to an expert researcher without confidentiality restrictions and the expert researcher then conducted confirmatory tests on the samples).

## C.   Dr. McLeskey Has No Legitimate Basis for Refusing to Comply with Movants' Subpoena

Despite asserting various objections to the subpoena for Dr. McLeskey's testimony, Dr. McLeskey's/AstraZeneca's counsel has offered one overarching explanation for why Dr. McLeskey is refusing to comply with Movants' subpoena.   (Peterson Decl. ¶ 12.) Specifically, Dr. McLeskey's/AstraZeneca's counsel contends, wrongly, that Movants' subpoena seeks to elicit expert testimony.   (*Id.*)   There is no merit to this argument as the basis for Dr. McLeskey's failure to appear for a deposition.

### 1.   The subpoena topics seek relevant factual information that cannot be obtained from other sources.

None of the 14 topics set forth in Movants' subpoena indicate that Movants are improperly seeking Dr. McLeskey's expert opinion, i.e., the opinion of a person of ordinary skill in the art, as opposed to factual testimony regarding matters of which Dr. McLeskey indisputably has personal knowledge, i.e., her own study, publication, and declarations. (See Peterson Decl. Ex. A., Schedule A at 7-10.)   The factual nature of the deposition topics, on items within Dr. McLeskey's personal knowledge, is readily apparent from the precise language of the subpoena.   For example, Topic 1 is directed to the McLeskey 1998 article and the study reported therein.   (*Id.* at 7.)   Likewise, Topics 2, 9, and 11 are directed to Dr. McLeskey's own

publications and research concerning fulvestrant.[3]   (*Id.* at 7, 9.)   Other topics are directed to

Dr. McLeskey's communications with AstraZeneca regarding fulvestrant (Topics 4 and 8), the

materials she received or shared with AstraZeneca regarding fulvestrant (Topic 5), her receipt

and use of any fulvestrant samples provided by AstraZeneca (Topic 6), and any agreements she

has personally with AstraZeneca (Topics 7 and 10).   (*Id.* at 7-9.)   Finally, Topics 12 through 14

relate to the prosecution of the patents-in-suit, in addition to related foreign counterpart

applications for which Dr. McLeskey submitted a declaration based at least in part on her "own

knowledge."   (*Id.* at 9-10; Peterson Decl. Ex. H.)

In an effort to resolve this dispute, Movants offered to preface each of the topics with

language limiting the scope of each topic to Dr. McLeskey's personal factual knowledge

regarding    the    subject    matter    of    each    topic.        (Peterson    Decl.    ¶    14.)

Dr. McLeskey's/AstraZeneca's counsel did not accept this proposal, and persists in

characterizing a deposition of Dr. McLeskey as an attempt to elicit expert opinion during the fact

discovery period.   (*Id.* at ¶¶ 12-14.)   Dr. McLeskey's/AstraZeneca's position is incorrect,

however, as demonstrated by at least one example that was specifically discussed between the

parties.   (*Id.* at ¶ 13.)   In particular, Dr. McLeskey's/AstraZeneca's counsel contends that if

Movants were to ask Dr. McLeskey what was meant by particular language in McLeskey 1998,

that Movants would be seeking expert testimony.   (*Id.*)   Movants disagree; asking Dr. McLeskey

what she personally understands to be meant by language in an article she wrote is not eliciting

expert    opinion.        Rather,    such    questions    seek    Dr.    McLeskey's    personal    belief.

Dr.    McLeskey's/AstraZeneca's    counsel's    repeated    characterization    of    questions    posed    to

_____

[3] While Topic 3 is not precisely limited to Dr. McLeskey's personal knowledge regarding the
subject studies using fulvestrant, Movants offered to limit the scope of all of the deposition
topics in this manner, as described herein.

Dr. McLeskey concerning her own work, e.g., as reported in McLeskey 1998, as eliciting expert testimony incorrectly characterizes the testimony sought and unfairly obstructs Movants from having the opportunity to depose a critical fact witness.

In addition, given the nature of the topics in Movants' subpoena, which are directed to Dr. McLeskey's own publication (McLeskey 1998) and her own studies with fulvestrant prior to the filing of the patents-in-suit, Dr. McLeskey is the best source for this highly relevant factual information pertaining to Movants' invalidity defenses in the underlying action. Moreover, Dr. McLeskey may be the only source from which Movants can obtain this fact discovery. In particular, while some topics are directed to information solely within Dr. McLeskey's possession, other topics are arguably directed to information that should be in AstraZeneca's possession as well (e.g., information concerning the samples provided by AstraZeneca to Dr. McLeskey). Despite fact discovery in the New Jersey Actions having progressed for over ten months, AstraZeneca has yet to produce any documents concerning McLeskey 1998 or the fulvestrant samples provided to Dr. McLeskey that are referenced in that publication. (*See* Peterson Decl. Ex. I, *AstraZeneca Pharms. LP, et al. v. Sandoz Inc., et al.*, No. Civ. A. 1:14-CV-03457 (Consolidated), Dkt. No. 95 (D.N.J.) (excluding exhibits).)

2.    **Dr. McLeskey has not been identified as an expert witness in the case**.

In addition, Dr. McLeskey's/AstraZeneca's counsel's argument that because every deposition topic in Movants' subpoena seeks expert opinion, the topics are suited only for the expert discovery phase, is baseless and irrelevant. AstraZeneca has not identified or disclosed its intent to rely on expert testimony from Dr. McLeskey in the New Jersey Actions. (Peterson Decl. ¶ 15.) It is improper for Dr. McLeskey's/AstraZeneca's counsel to rely on the false notion that the information sought from Dr. McLeskey is expert opinion when she has not even been identified as an expert in the case. Applying Dr. McLeskey's and AstraZeneca's argument

would effectively preclude Movants from seeking any deposition testimony, fact or otherwise, from Dr. McLeskey regarding the subject matter of her own prior work that forms the basis for several of Movants' invalidity defenses.

### 3.    Movants are entitled to seek relevant discovery without providing a roadmap for AstraZeneca.

Finally, Dr. McLeskey's/AstraZeneca's counsel argues that the information sought from Dr. McLeskey is not relevant to invalidity.  Movants disagree.  Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As discussed above, the information sought from Dr. McLeskey is relevant.  For instance, relevant information sought includes the composition of the samples Dr. McLeskey received from AstraZeneca, whether there were any restrictions put on Dr. McLeskey regarding her use of the samples, what she did with those samples, and who else received information about the composition of the samples.   While Dr. McLeskey's/AstraZeneca's counsel has suggested that some information could be obtained by interrogatory through AstraZeneca, the fact is that there is information that AstraZeneca cannot provide an answer to, such as what Dr. McLeskey did with the samples; this is factual information that must be answered based on Dr. McLeskey's personal knowledge.[4]  AstraZeneca cannot deny that these issues are relevant.

Other relevant information includes, for instance, whether statements made by Dr. McLeskey in foreign prosecutions of patents related to the patents-in-suit about her 1998 study and McLeskey 1998 are consistent with her personal knowledge, what information in those

---

[4] Indeed, Movants have asked AstraZeneca, by interrogatory, to identify the composition of the formulation provided to Dr. McLeskey.  Sandoz received no substantive response, and Sagent and Glenmark have not yet received a response to their respective outstanding interrogatories.

declarations is based on her personal knowledge, and what information in those declarations is, as she indicates in at least one declaration, based upon information and belief. At bottom, Movants' subpoena has already identified a number of narrowly tailored topics. Indeed, the subpoena rules do not even require Movants to have done that. Dr. McLeskey's/AstraZeneca's counsel cannot demand a roadmap to the deposition of Dr. McLeskey outlining all of the questions Movants want to ask as a condition to making her available. Nor is AstraZeneca entitled – in the guise of contesting relevance – to obtain a detailed explanation of Movants' strategic reasons for seeking information from Dr. McLeskey.

### D.  Dr. McLeskey's Refusal to Appear for A Deposition Is Contemptuous

Dr. McLeskey's refusal to appear for the deposition as commanded by the McLeskey Subpoena without seeking any relief from her obligation constitutes grounds for a finding of contempt. *See* Fed. R. Civ. P. 45(g). A person failing to comply with a valid subpoena must provide an adequate excuse for the failure. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 44 (D.D.C. 2014) (discussing the ability of both the court for the district where compliance is required and the court where the motion may be transferred to hold a subpoenaed non-party in contempt for failure to obey without an adequate excuse under the revised Rule 45); *see also Beruashvili v. Hobart Corp.*, No. CV 2005-1646 (ENV)(MDG), 2006 U.S. Dist. LEXIS 55065, at *2 (E.D.N.Y. Aug. 8, 2006) ("Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued."). Rule 45 allows a court to hold a non-party in contempt for the failure to appear for a deposition. *See Briggs v. Wash. Metro. Area Transit Auth.*, No. Civ. A. 01-1876 (RJL/JMF), 2005 U.S. Dist. LEXIS 5716, at *2 (D.D.C. Apr. 7, 2005) (ordering a non-party to comply with court order to appear for deposition or face contempt of court); *see also Leser v. U.S. Bank,* No. 09-cv-232 (KAM)(ALC), 2011 U.S. Dist.

LEXIS 28127, at \*31 (E.D.N.Y. Mar. 18, 2011) (awarding sanctions under Rule 45 where non-party failed to produce documents or appear for a deposition after issuance of a court order without offering an excuse for his failure to obey the original subpoena).  Where a non-party's failure to appear at a deposition was due to a party's control over the witness or if the party took action to procure the failure, a party may be similarly sanctioned.  *Hearts with Haiti, Inc. v. Kendrick*, No. 2:13-cv-00039-JAW, 2015 U.S. Dist. LEXIS 86384, at \*7-8 (D. Me. July 2, 2015) (*citing Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 U.S. Dist. LEXIS 59173, at \*9-10 (M.D. Fla. Aug. 4, 2008) ("It may be possible to attribute the non-appearance of witnesses to a party and to sanction the party under Rule 37, but to do so, the party must either exercise 'control over these witnesses' or have taken 'action to procure their failure to appear.'")).

By all accounts, AstraZeneca, through its counsel, has control over Dr. McLeskey. Indeed, AstraZeneca appears to be working with Dr. McLeskey in connection with the prosecution of certain foreign patents and applications that are related to the patents-in-suit. AstraZeneca's counsel served objections to the McLeskey Subpoena not only on behalf of Dr. McLeskey, but also on behalf of AstraZeneca (and the objections served on behalf of Dr. McLeskey incorporate by reference AstraZeneca's objections) (Peterson Decl. Exs. B and C), and counsel's primary argument for not making Dr. McLeskey available is based on AstraZeneca's contention that Movants are seeking to elicit expert opinion and is further based on AstraZeneca's litigation positions.  By all appearances, AstraZeneca is behind its counsel's representation of Dr. McLeskey and the attempts to block Dr. McLeskey's deposition.

Unless an order of the court excuses attendance, a deponent is obliged to appear according to the terms of the subpoena.  *Huene v. U.S. Dep't of Treasury*, No. 2:11-cv-2110 JAM AC PS, 2013 U.S. Dist. LEXIS 13803, at \*7 (E.D. Cal. Jan. 31, 2013) ("[U]nless a party or

witness files a motion for a protective order and seeks and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition."). Even if a deponent moves to quash the subpoena or for a protective order prior to the deposition, which Dr. McLeskey has not done, an order staying the discovery pending a resolution of the motion must be obtained. (*Id.*) It is clear that what has happened here – to simply notify Movants that "pursuant to Dr. McLeskey's objections to [Movants'] Subpoena for testimony Dr. McLeskey does not intend to make herself available for deposition under [Movants'] Subpoena" – without taking any action to secure the Court's permission to do so is improper. (Peterson Decl. Ex. E.) Such defiance of a valid subpoena is a contemptuous act that this Court should not allow.

## III.   CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court issue an Order compelling Dr. Sandra W. McLeskey to appear for a deposition pursuant to the June 19, 2015 subpoena served upon her within three days of issuance of said Order.

Dated: July 22, 2015

Respectfully submitted,

_____
Liane M. Peterson (lpeterson@foley.com)
Debra A. Lange (dlange@foley.com)
Margareta K. Sorenson (msorenson@foley.com)
**FOLEY & LARDNER LLP**
3000 K Street, NW, Suite 600
Washington, DC 20007
Phone: (202) 945-6116
Fax: (202) 672-5399

*Of Counsel:*

R. Jan Pirozzolo-Mellowes
(jpirozzolo-mellowes@foley.com)
Michelle A. Moran
(mmoran@foley.com)
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
Phone: (414) 271-2400
Fax: (414) 297-4900

George H. Parsells, III
(gparsells@mdmc-law.com)
Michael Rato (mrato@mdmc-law.com)
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
Phone: (973) 993-8100
Fax: (973) 425-0161

*Attorneys for Sagent Pharmaceuticals, Inc.*

*Attorneys for Glenmark Generics Inc., USA*

_____
William A. Rakoczy
(wrakoczy@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Phone: (312) 527-2157
Fax: (312) 527-4205

*Of Counsel:*

Deanne M. Mazzochi
(dmazzochi@rmmslegal.com)
Rachel Pernic Waldron
(rwaldron@rmmslegal.com)
Kevin P. Burke (kburke@rmmslegal.com)
Cynthia H. Sun (csun@rmmslegal.com)
Erin M. Forbes (eforbes@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Phone: (312) 527-2157
Fax: (312) 527-4205

Eric I. Abraham (eia@hillwallack.com)
Christy L Saveriano
(csaveriano@hillwallack.com)
**HILL WALLACK LLP**
202 Carnegie Center
Princeton, New Jersey 08540
Phone: (609) 924-0808
Fax: (609) 452-1888

*Attorneys for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I, Liane M. Peterson, hereby certify that on the 22nd day of July, 2015, pursuant to the requirements of the Rules of Civil Procedure, **SAGENT PHARMACEUTICALS, INC.'S GLENMARK GENERICS INC., USA'S, AND SANDOZ INC.'S MOTION TO COMPEL THIRD PARTY WITNESS DR. SANDRA W. MCLESKEY TO APPEAR FOR DEPOSITION PURSUANT TO SUBPOENA** was served upon the following by the means indicated below:

**By Hand Delivery to:**

     John E. Flaherty
     Ravin R. Patel
     McCARTER & ENGLISH LLP
     Four Gateway Center
     100 Mulberry Street
     Newark, New Jersey 07102
     Telephone: (973) 622-4444
     Fax: (973) 297-3971
     Email: jflaherty@mccarter.com
     rpatel@mccarter.com


     Lisa B. Pensabene
     Filko Prugo
     Will C. Autz
     Margaret O'Boyle
     Carolyn Wall
     Eberle Schultz
     O'MELVENY & MYERS LLP
     7 Times Square
     New York, NY 10036
     Telephone: (212) 326-2000
     Fax:(212) 326-2061
     Email: lpensabene@omm.com
     fprugo@omm.com
     wautz@omm.com
     moboyle@omm.com
     cwall@omm.com
     eschultz@omm.com

Liane M. Peterson